In Regard to the Republican Primary Election for Mayor in the Borough of Marietta, Lancaster County, Pennsylvania. Bernard R. McDevitt, et al., Appellants.

Argued September 9, 1985, before Judges ROGERS and MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

David E. Greer, Herr & Greer, for appellant, Bernard R. McDevitt.

Thomas L. Goodman, for appellee, Lancaster County Board of Elections.

William C. Crosswell, Morgan, Hallgren, Crosswell & Kane, P. C., for appellee, Oliver C. Overlander, II.

OPINION BY JUDGE MACPHAIL, October 2, 1985:

Before us is an appeal of a decision and order of the Court of Common Pleas of Lancaster County which dismissed the petition of Bernard R. McDevitt[1] (Petitioner) in regard to the Republican Primary Election for Mayor of the Borough of Marietta, Lancaster County, Pennsylvania.

Petitioner alleges that an improperly registered individual, Timothy P. Sadler, erroneously was not allowed to vote, and had he been allowed to vote, his vote would have made a substantial difference in the outcome of the mayoral primary election.

---

[1] Joining in the petition are at least twenty registered voters of the First District of the Borough of Marietta, Pennsylvania, who voted in the primary election of May 2, 1985.

We must emphasize that we are not here presented with a voter's challenge but with a losing candidate's objection to the validity of the election, and in our view, this distinction is critical.

We conclude that, after a careful review of the record and applicable case law, the trial court correctly disposed of the issues raised. Accordingly, we affirm on the basis of the able and comprehensive opinion of the Honorable PAUL A. MUELLER, JR., President Judge and the Honorable D. RICHARD ECKMAN, (Honorable MICHAEL J. PEREZOUS, dissenting), in *Re: In Regard to the Republican Primary Election for Mayor in the Borough of Marietta, Lancaster County, Pennsylvania,* reported in 69 Lanc. L.R. 525 (1985).

ORDER

The order of the Court of Common Pleas of Lancaster County, No. 1795 of 1985, dated July 2, 1985, is hereby affirmed.